**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

| | |
|---|---|
| **ROBERT A. TAYLOR** | **CIVIL ACTION NO. 25-245-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SPRINGHILL CITY POLICE DEPARTMENT, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Robert A. Taylor ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on February 26, 2025. Plaintiff was incarcerated at the Bayou Dorcheat Detention Center in Minden, Louisiana, when he filed this complaint. He names Detective Chris Jones, Officer Amanda Sinclair aka Amandia Hamilton, and the City of Springhill Police Department as defendants.

On January 18, 2025, Plaintiff was stopped by the Springhill Police Department because his back window was covered with a black plastic bag. He claims the officers placed him under arrest for having no insurance and a suspended driver's license. He claims Officer Chris Jones searched him and found nothing. He was then placed in Amanda Sinclair's police vehicle. He claims he was not read his rights.

Plaintiff claims Lt. Sinclair returned to her vehicle to get gloves to search his truck. He claims she looked under her front seat twice, in the back seat, and in the back of her vehicle for gloves. He claims Lt. Sinclair placed the ball substance (drugs) under the seat twice. He claims Lt. Sinclair then went to his truck with no gloves.

Plaintiff claims the officers returned to the police vehicle. He claims Amanda Sinclair then reached under the driver's seat of the police vehicle and pulled out a large bag of drugs.

Plaintiff claims that one report stated the drugs were crack and another report stated the drugs were methamphetamines. He claims that the drugs were not his. He argues that the drugs were a big ball and would have been found when he was searched.

Plaintiff claims he is being set up by the Springhill Police Department. He argues that the drugs were already in Lt. Sinclair's police vehicle.

Accordingly, Plaintiff seeks compensatory and punitive damages, an investigation of the City of Springhill Police Department, prosecution of Defendants, a printed and public apology, and his release.

## LAW AND ANALYSIS

### Civil Rights Claims

Plaintiff challenges his arrest and pending charges. If Plaintiff is ultimately convicted of the pending charges, a favorable ruling on his claims could call into question the validity of his convictions. Plaintiff would not be entitled to seek relief for these claims until such time as the convictions in question had been declared invalid. See Heck v.

Humphrey, 512 U.S. 477 (1994).[1] However, since the criminal prosecution in Plaintiff's case remains pending, Heck does not apply at this time. See Wallace v. Kato, 549 U.S. 384 (2007) (the Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

In cases such as Plaintiff's, where charges remain pending, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. See Wallace, 549 U.S. at 393-94.

In Wallace, the Court stated, "if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended." Id. at 393-94. The Fifth Circuit has noted that, in such cases, the court "may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course. . . ." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); see also Busick v. City of Madison Miss., 90 Fed. Appx. 713, 713–714 (5th Cir. 2004).

---

[1] In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff's civil rights claims should be stayed pending the outcome of the criminal prosecution. Thereafter, in the event Plaintiff is convicted, he may pursue this § 1983 claim only upon a showing that the suit is not barred by Heck.

**Habeas Corpus Claims**

Plaintiff also seeks dismissal of the pending state criminal charges and his release. Such relief is not available in a civil rights action. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a habeas corpus action, and, since in this instance Plaintiff attacks the lawfulness of the pending state criminal charges, his remedy, if any, is afforded by 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. Stringer v. Williams, 161 F.3d 259, 262 (5th Cir.1998); Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under § 2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and Robinson v. Wade, 686 F.2d 298, 302–03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. § 2241(c)(3), allowing the writ of habeas corpus to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. § 2254(a), which requires that custody be 'pursuant to the judgment of a state court.' ")

The jurisprudence requires persons seeking such relief pursuant to § 2241 to first exhaust state court remedies before seeking federal intervention. Dickerson, 816 F.2d at 224–225; Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489–90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); Robinson v. Wade, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Plaintiff seeks dismissal of the pending charges and his release and as shown above, that relief is not available in a civil rights action. To the extent Plaintiff seeks the dismissal of the pending charges and his release, he fails to state a claim for which relief may be granted pursuant to 42 U.S.C. § 1983.

**CONCLUSION**

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights claims be **STAYED** until the criminal proceedings against Plaintiff are completed, subject to the following conditions:

> Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff **SHALL FILE** a motion asking this court to lift the stay. The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).
>
> If the criminal proceedings are not concluded within six (6) months, on February 21, 2020, Plaintiff **SHALL FILE** a status report indicating the expected completion date of the proceeding. Additional status reports shall be filed every six (6) months thereafter until the stay is lifted.
>
> In light of the stay, Plaintiff **SHALL NOT** file any more documents in this action until the state court proceedings have concluded.

**IT IS FURTHER RECOMMENDED** that this action—insofar as it seeks the dismissal of the pending criminal charges—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers in Shreveport, Louisiana, this 26th day of August, 2026.

Mark L. Hornsby
U.S. Magistrate Judge